## J. H. Lengsfield *v.* Thomas W. Jones.

When a person receives a shipment of cotton, and gives a bill of lading in the ordinary form, he becomes liable as a common carrier.

The fact that plaintiff inspected the boats before the shipment does not exempt the carrier from liability for a loss occasioned by the unseaworthiness of the vessel.

APPEAL from the District Court of the parish of Caddo, *Land,* J. *Williamson & Austin,* for plaintiff. *Jones* and *Beall,* for defendant and appellant.

Spofford, J. This is an action for damages alleged to have been done to fifty bales of cotton shipped by plaintiff on a certain flatboat, belonging to the defendant, for transportation from Shreveport to New Orleans.

The plaintiff, who sued for $2,146 92, had a verdict and judgment for $580. The defendant has appealed, and the plaintiff, in his answer, prays for an increase of the judgment to the amount claimed in his petition.

There has been some discussion upon the question whether the defendant, *Jones,* was a common carrier. There is no proof upon this point except the contract of the parties, which is evidenced, as to most of the cotton shipped, by bills of lading in the common form, by which the defendant acknowledged to have received the cotton in good condition, and undertook to deliver it at New Orleans in like good order, at a specified rate of freight, "the dangers of the navigation alone excepted."

It seems, also, that Red River, at the time of the shipment, was extremely low, and that steamboat navigation was suspended. It also appears that the defendant built several flatboats, upon which he undertook to transport the cotton, and that he took cotton for other parties than the plaintiff.

If he wished to exempt himself from the law of common carriers, he should have made a special contract to that effect, instead of giving bills of lading in the ordinary form. Moreover, his original answer to the petition would seem to imply an admission of his liability as a common carrier, for he there averred that the damage, if any, was occasioned "by the accidental and unavoidable sinking of the boat on which it was shipped."

A serious damage having been fully proven, the burden was on the defendant to show that it occurred through one of the excepted perils.

The proof, on the contrary is clear, that his flatboats were unseaworthy. The one upon which the plaintiff's cotton was shipped was so leaky as to require constant pumping from the commencement of the voyage. She was insufficiently manned, and during every night the water gained rapidly, so that the lower line of the cotton, (which belonged to the plaintiff,) was kept constantly standing in water, at various depths, during the tedious voyage from Shreveport to a bar above Grand Ecore, where the boat sunk. We are satisfied that the unseaworthiness of the flatboat was the real cause of much of the damage.

But it is urged that the plaintiff inspected the boats before he shipped the cotton, and therefore took the risk of their seaworthiness upon himself. The contract of the parties does not so read, and the plaintiff might well have run the risk even of a doubtful experiment, if he had confidence in the defendant's guaranty against everything but the perils of the river.

It is urged that the defendant has waived his claim to damages, because, after the flatboat sunk, and the plaintiff made his protest, he sent an agent down to the bar, who received the damaged cotton from the plaintiff, and paid him $100 salvage, without which he refused to deliver the cotton.

The defendant acknowledged by letter to the plaintiff his inability to fullfil his contract. He did not, as he had undertaken to do, deliver the property to the consignees in New Orleans, but, after sinking his boat, abandoned the voyage.

We do not perceive that the conduct of the plaintiff, in sending an agent to save what he could from the wreck, assented to as it was by the defendant, was an implied waiver of the action in damages, and it is not pretended that there was any express waiver.

As to the amount of damages done to the cotton, only the injury received up to the time the plaintiff's agent took it into possession should be considered. Upon that subject the evidence is somewhat conflicting. Under such circumstances we do not interfere with the verdict of a jury selected by the parties, except for flagrant error. We find no such error in the estimate made by the jury in this case.

Finally, it is contended that there was error in the judgment, which allows legal interest from the date of the verdict, when the verdict is silent as to interest. The error, if error it be, is too trifling to attract attention here, when it appears that no effort was made to procure an amendment below.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.